HARDING, J.,
dissenting.
I originally wrote a concurring in result only opinion in this case. After considering the motions for rehearing, I withdraw my original concurring opinion and now dissent. I am persuaded that the motions for rehearing should be granted and that this Court should give further consideration to this issue. In my original concurring opinion, I expressed concern that adequate standards had not been established. In light of arguments raised on rehearing, I am confident that this Court could establish the necessary standards. Moreover, the revised majority opinion states that this matter should be referred to the Children’s Court Improvement Committee. I see no reason not to keep the interim rule in effect until the Committee’s report is received. Until that time, I am confident that the judges involved will continue to ensure that the rights of juveniles are protected. Regretfully, to assume otherwise is to question the integrity of the system.
I recognize that this Court must exercise its responsibility to make rules gov *477 erning procedure. I also recognize, having been a trial judge for twenty-three years and Chief Justice of this Court for two years, that there is a tension between this Court’s rulemaking authority and the trial court’s autonomy. Yet, while I have had concern for children’s issues throughout my adult life and judicial career, I am not convinced that the refusal to allow electronic communication during juvenile detention hearings necessarily “puts children first.” I have seen juvenile offenders of all ages herded through the courthouse halls in orange uniforms and chains and locked in crowded rooms to await their detention hearing. I do not share the majority’s conviction that such a system encompasses either more humanity or less of an emotional wasteland than does the alternative of electronically conducted detention hearings. See majority op. at 475.
I am not convinced that personal presence holds a talismanic importance to this generation which has grown up with electronic technology. Children routinely use computers and electronic media in school. Many also communicate with their teachers and peers through electronic means on a daily basis. More importantly, I fear that the failure to effectively incorporate technology into the judicial process will result in an antiquated system that quickly becomes irrelevant in our new age of technology.
For all of these reasons, I think this issue should be reheard.
WELLS, C.J., concurs.